UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

E. JEY KIM,

    Plaintiff,

v.

SUNG KWON LEE,

    Defendant.

Case No. 1:21-cv-613
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This Cause is before the Court on Plaintiff E. Jey Kim's Motion to Remand (Doc. 4), following Defendant Sung Kwon Lee's removal of this action from state court on September 23, 2021 (Doc. 1). For the reasons below, the Court **GRANTS** Kim's Motion and **REMANDS** this action to state court. The Court therefore **DENIES AS MOOT** Lee's pending Motion to Dismiss (Doc. 3) and Motion for Leave to File Memorandum Out of Time (Doc. 12). The Court **AWARDS** Kim costs, including attorney fees, incurred as a result of the removal.

## BACKGROUND

This case began in the Warren County Court of Common Pleas when Kim sued Lee for defamation on August 19, 2021. (Compl., Doc. 2). Lee removed to this Court on September 23, 2021, asserting diversity jurisdiction. (Doc. 1, #2). The next day, Lee filed a Motion to Dismiss (Doc. 3).

On October 1, 2021, Kim filed his Motion to Remand (Doc. 4). Kim argued that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), bars removal in this case because

Lee, the sole defendant in this action, is a citizen of Ohio. (*Id.* at #50–51). Lee filed his opposition November 1, 2021.[1] (Doc. 9). In that filing, Lee does not deny that he is a citizen of Ohio. Rather, he notes that the statutory text at issue requires remand if a defendant who has been "properly joined" is a citizen of the forum state. And he argues that this statutory language cannot refer to him, as he is the sole defendant in this action, and thus was not "joined" to any other defendants. (Resp. in Opp. to Mot. to Remand ("Opp."), Doc. 9, #73–75). Kim replied on November 12, 2021. (Doc. 11). The matter is thus fully briefed and ready for the Court's review.

## LEGAL STANDARD

When a defendant removes an action from state court to federal court, the federal court has jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Here, Lee claims this matter falls within the Court's original jurisdiction under 28 U.S.C. § 1332(a). For that to be true, two conditions must be met: (1) the parties must be sufficiently diverse; and (2) the amount in controversy must exceed $75,000. *Id.* But, when a defendant seeks to remove a case to federal court, rather than the plaintiff filing the case there in the first instance, another limitation comes into play—removal is unavailable if any "properly joined and served" defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2); *Lincoln Property Co. v. Roche*, 546 U.S. 81, 83–4 (2005).

---

[1] Kim correctly notes that Lee filed his Response in Opposition (Doc. 9) to Kim's Motion to Remand (Doc. 4) ten days later than required by Local Rule 7.2(a)(2). (*See* Reply in Supp. of Mot. to Remand ("Reply"), Doc. 11, #83). Because the Court has an independent obligation to determine the extent of its jurisdiction, however, the Court declines to dispose of Lee's arguments against remand on this basis alone. *See Williams v. United States*, 927 F.3d 427, 434 (6th Cir. 2019).

A few other considerations are relevant here, as well. First, the propriety of removal is assessed based on the facts as they existed at the time of removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). And, when jurisdiction upon removal is uncertain, federal courts must construe the removal statutes strictly, resolving all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). That makes sense because, if the federal court lacks jurisdiction, that would render "any decree in the case void and the continuation of the litigation in federal court futile." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (citation omitted). And that serves no one's interests.

When a court remands a case, it may also order the party that removed the case to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As a general matter, though, a court should do so only if the removing party lacked "an objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## LAW AND ANALYSIS

Lee's entire argument turns on his assertion that the forum-defendant rule does not apply to him as a single defendant because he was not "joined" to any other defendants under Fed. R. Civ. P. 20. (Opp., Doc. 9, #73–75). That misunderstands what the word "joined" means in 28 U.S.C. § 1441(b). As the court explained in *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. CV 4:20-1788, 2020 WL 3962247, at *4 n.15 (S.D. Tex. July 13, 2020) (emphasis added), "the Federal Rules of Civil

3

Procedure and binding cases use the phrase 'joined' to describe a party's relation *to a suit*, not a co-party." For example, the advisory committee notes to Fed. R. Civ. P. 4 provide that "a summons must be served whenever a person is *joined as a party* against whom a claim is made," and the notes to Fed. R. Civ. P. 19(a)(2) say that "the court can make a legally binding adjudication only between the parties *actually joined in the action.*" *Id.* (quoting Fed. R. Civ. P. 4, 19(a)(2) (advisory committee notes)) (emphases in original).

Accordingly, the question for determining whether a defendant "counts" for purposes of the forum-defendant rule is whether that defendant has been properly joined *to the action*, not whether that defendant has been joined to another defendant. Consistent with that understanding, courts have not hesitated to apply the forum-defendant rule in cases like this one in which there is only one defendant and that defendant was a citizen of the forum state. *See, e.g., Morgan Stanley Smith Barney LLC v. Hale*, Case No. 3:19-cv-327, 2020 WL 6146595, at *1 (S.D. Ohio Oct. 20, 2020); *Dodrill v. New York Cent. R.R. Co.*, 253 F. Supp. 564, 568 (S.D. Ohio 1966); *Cartagena v. Cont'l Airlines, Inc.*, 10 F. Supp.2d 677, 678–79 (S. D. Tex. 1997); *T.C. Morrow Drilling Co. v. Javelin Oil Co.*, 266 F. Supp. 119 (W.D. La. 1967); *O.F. Shearer & Sons, Inc. v. Decker*, 349 F. Supp. 1214, 1218 (S.D. W. Va. 1972); *Am. Oil Co. v. Egan*, 357 F. Supp. 610, 613 (D. Minn. 1973). Lee cites, and the Court has found, no contrary authority.

To be sure, courts have held, as Lee argues, that a defendant must be *both* properly joined *and* served to defeat removal under § 1441(b). (Opp., Doc. 9, #74

4

(citing *Zirkin v. Shandy Media, Inc.*, Case No. 2:18-cv-09207, 2019 WL 626138, at *5–6 (C.D. Cal. Feb. 14, 2019))). But that does nothing to advance Lee's argument here. In the removal statute, 28 U.S.C. § 1441(b), the "properly joined" phrase is designed to address situations where a plaintiff has improperly, or fraudulently, joined an in-state defendant to an action solely in the hope of preventing removal. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[T]his Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.") (citations omitted). As those defendants are not "properly" joined to the action, they do not destroy complete diversity. By the same token, if a mere "nominal defendant," who is not one of the "parties in interest" under § 1441(b), is a citizen of the forum state, removal is still permissible. *See Deltro Elec., Ltd. v. Elec. Power Systems Int'l, Inc.*, Case No. 1:21-cv-303, 2021 WL 5027406, at *3 (S.D. Ohio Oct. 29, 2021) (citing *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 2004 1, 3 (6th Cir. 2004)). But neither is the situation here. Lee does not argue that Kim joined him for purposes of destroying diversity in an action against some other defendant. Rather, Lee is here the sole defendant (and thus necessarily also the real party in interest).

In short, the Court rejects Lee's argument that the forum-defendant rule can never apply to single-defendant cases (which is the necessary implication of Lee's definition of "joined"). But that leaves Lee without any argument against remand, as here, Lee does not dispute that he is a citizen of Ohio, nor does he dispute that he was served with process prior to removal (i.e., the other aspect of the "properly joined and served" phrase in § 1441(b)). (Notice of Removal, Doc. 1, #2). Thus, it was facially

improper under § 1441(b) for Lee to remove this action, and accordingly remand is warranted. *See Hale*, 2020 WL 6146595, at *1; *Dodrill*, 253 F. Supp. at 568.

True, the "properly joined and served" language on which Lee relies sometimes can present more difficult questions in the context of removal in cases involving a forum defendant. For example, courts are split as to whether removal is possible when a defendant removes the matter before the forum defendant is *served*. *See Texas Brine Co., L.L.C. v. Am. Arbitration Assoc.*, 955 F.3d 482, 485 (5th Cir. 2020); *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961, 963 (N.D. Cal. 2015); *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330, at *3 (D. Kan. Mar. 27, 2013). Two possible versions of that state of affairs merit discussion. First, imagine that there are multiple defendants, all but one of whom is out-of-state, and the out-of-state defendants are served, but the in-state defendant has not yet been served at the time of removal. As a general matter, jurisdiction is determined based on the state of affairs as they existed at the time removal occurred. And, in this scenario, at the time of removal, no in-state defendant had been properly "joined and served." Such removals prior to service of in-state defendants are typically labeled "snap removals." Not every circuit has decided how to handle them, although the Sixth Circuit has appeared to indicate that they are permissible. *See McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *see also Texas Brine Co.*, 955 F.3d at 485. Here, though, there are not multiple defendants, and thus this version of snap removal is not at issue.

A related question can arise, however, in the context of a single-defendant case, where that single defendant happens to be a citizen of the forum state. Imagine that the defendant learns of the state suit after the suit is filed, but before service occurs, and files a pre-service removal to federal court. Much as with multi-defendant snap removals, courts also are split on the propriety of such single-defendant removals. *See Tourigny*, 110 F. Supp. 3d at 963; *FTS Int'l Servs.,* 2013 WL 1305330, at *3. As the court explained in *FTS International Services*, there are three basic approaches: (1) some courts say that, under a plain language reading of § 1441, pre-service removal by a single in-state defendant is valid, as the in-state defendant has not been "properly joined and served" at the time of the removal; (2) other courts say that a literal application of that statutory language leads to absurd results that Congress could not have intended, and thus deny the propriety of snap removals generally (i.e., whether they involve a single defendant or multiple defendants); and finally (3) some courts say that an action is not removable until at least one defendant has been served, so that while snap removals may work if there are multiple defendants (i.e., removal after an out-of-state defendant is served, but before any in-state defendants are served), it cannot work in the context of a single defendant, as service on that defendant will prevent removal. *See id* at *1–2.

As with snap removals in the context of multiple defendants, though, the Court need not get to the bottom of this issue for purposes of the instant Motion to Remand (Doc. 4). That is because here there is no question that Lee had been served with process in state court at the time that he initiated the removal. (Notice of Removal,

7

Doc. 1, ¶ 3, #2). Thus, it is only if the forum defendant rule does not apply to single-defendant cases *at all* that remand is not mandatory here. But Lee has cited no cases holding that is so, relying instead on his argument regarding "properly joined" that the Court addressed (and rejected) above.

For these reasons, Lee's argument based on the text of § 1441(b) is unavailing. Moreover, Lee's inability to identify any case law supporting his sweeping proposition—that § 1441(b) never prevents the forum defendant in a single-defendant case from removing—means that Lee's attempted removal of this action lacked an objectively reasonable basis. *See Martin*, 546 U.S. at 141. That justifies an award of costs, including attorney fees, that Kim has incurred as a result of the removal. *Cf. Hale*, 2020 WL 6146595, at *2 (awarding fees where sole forum defendant removed to federal court).[2] Within twenty-one (21) days from the date of the filing of this Opinion and Order, Kim is to submit an affidavit detailing the attorney fees and costs incurred as a result of Lee's improper removal. Lee is to file his response to Kim's affidavit twenty-one days thereafter.

## CONCLUSION

For the above reasons, the Court **GRANTS** Kim's Motion to Remand (Doc. 4). The Court therefore **DENIES AS MOOT** Lee's pending Motion to Dismiss (Doc. 3)

---

[2] The Court again notes Kim's argument that the untimeliness of Lee's Response in Opposition (Doc. 9) to Kim's Motion to Remand (Doc. 4), coupled with Lee's failure to observe the other requirements of Local Rule 7.2(a)(2), provides another basis for the award of costs including attorney fees. (Reply, Doc. 11, #88). The Court need not, and does not, rely on this ground given the lack of objectively reasonable basis for the removal to begin with. Moreover, it is not clear to the Court that it should consider anything apart from the objective reasonableness of removal itself in determining whether an award of costs including attorney fees is justified. *See Martin*, 546 U.S. at 141.

and Motion for Leave to File Memorandum Out of Time (Doc. 12). The Court **AWARDS** Kim costs, including attorney fees, incurred as a result of the removal. The Court orders the Clerk to **TERMINATE** this action on its docket.

    **SO ORDERED.**

<u> November 23, 2021 </u>
**DATE**　　　　　　　　　　　　　　　　**DOUGLAS R. COLE**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

9