**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

E. JEY KIM,

      **Plaintiff,**

                            **Case No. 1:21-cv-613**
      v.                      **JUDGE DOUGLAS R. COLE**

SUNG KWON LEE,

      **Defendant.**

## OPINION AND ORDER

This Cause is before the Court on Plaintiff E. Jey Kim's Affidavit in Support of Attorneys Fees (Doc. 16) and on Defendant Sung Kwon Lee's Motion to Strike (Doc. 19). For the reasons that follow, the Court **AWARDS** Kim attorney fees of $5,000 and **DENIES** Lee's Motion to Strike (Doc. 19).

## BACKGROUND

This case began in the Warren County Court of Common Pleas when Kim sued Lee for defamation on August 19, 2021. (Compl., Doc. 2, #27). Lee removed to this Court on September 23, 2021, asserting diversity jurisdiction. (Doc. 1, #2). The next day, Lee filed a Motion to Dismiss (Doc. 3).

On October 1, 2021, Kim filed his Motion to Remand (Doc. 4). Kim argued that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), barred removal in this case because Lee, the sole defendant in this action, is a citizen of Ohio. (*Id.* at #50–51). Kim also sought attorney fees in connection with Lee's removal of the action to federal court on the grounds that that removal lacked an objectively reasonable basis. (*Id.* at #53).

Lee filed his opposition on November 1, 2021. (Doc. 9). In that filing, Lee did not deny that he is a citizen of Ohio. Rather, he noted that the statutory text at issue requires remand if a defendant who has been "properly joined" is a citizen of the forum state. And he argued that this statutory language could not refer to him, as he is the sole defendant in this action, and thus was not "joined" to any other defendants. (*Id.* at #73–75). Kim replied on November 12, 2021. (Doc. 11).

On November 23, 2021, the Court issued its Opinion and Order (Doc. 14) granting Kim's Motion to Remand. In particular, the Court noted that, under the forum-defendant rule, the question is not whether Lee was "joined" to any other defendants, but rather whether he was joined to *the action*, which Lee clearly was. (*Id.* at #99). The Court further determined that Lee lacked an objectively reasonable basis for seeking removal and awarded Kim attorney fees. (*Id.* at #103). The Court instructed Kim to submit an affidavit within twenty-one days detailing the fees and costs incurred as a result of Lee's improper removal, and Lee to file a response within twenty-one days after that. (*Id.*). The Court did not mention any reply by Kim.

Pursuant to that schedule, Kim filed his Affidavit in Support of Attorneys Fees on December 14, 2021, seeking a total of $9,909. (Doc. 16, #108). Lee responded in opposition on January 4, 2022, arguing that a much smaller award would be more consistent with the awards of other district courts in this circuit. (Doc. 17, #204–05). Kim replied in support (Doc. 18) on January 18, 2022. In his Reply, Kim also argued that the expenses of preparing that Reply had brought the total amount of his attorney fees up to $11,239. (Doc. 18, #214).

On January 20, 2022, Lee moved to strike Kim's Reply, arguing that the Court's briefing schedule on the issue of fees had not provided for any reply by Kim. (Doc. 19, #231). Kim responded in opposition to Lee's Motion to Strike on January 31, 2022, arguing that the Federal Rules of Civil Procedure do not provide for motions to "strike" briefs as opposed to pleadings. (Doc. 20, #240). Kim also argues that another court in this district has allowed and considered a reply brief in connection with an affidavit seeking attorney fees. (*See id.* at #240–41).

**LEGAL STANDARD**

When a federal court remands a case to state court, it may order the party that removed the case to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As a general matter, a court should do so only if the removing party lacked "an objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

If a court elects to award attorney fees, it must also determine the appropriate amount. A court starts that analysis by calculating a lodestar amount, arrived at by multiplying the reasonable number of hours billed times a reasonable billing rate. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Then, the court may adjust that amount by considering twelve factors as applicable: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *See Hensley v. Eckerhart*, 461 U.S. 424, 429–30 n.3 (1983) (citing *Johnson v. Ga. Hwy. Exp.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and Am. Bar Ass'n Code of Professional Responsibility, Disciplinary Rule 2-106).

## LAW AND ANALYSIS

As an initial matter, the Court must determine whether to consider Kim's Reply in Support of his Affidavit seeking attorney fees, or instead to disregard it as Lee asks in his Motion to Strike. While Lee is correct that the Court's previous Opinion did not explicitly invite Kim to submit a Reply brief in support of the attorneys fees he has sought, Kim is also correct that the Court did not explicitly forbid him from filing a Reply either. In view of this silence, as well as the existence of precedent in this district for consideration of a reply brief in support of attorney fees, the Court **DENIES** Lee's Motion to Strike (Doc. 19). *See Shooter Constr. Co., Inc. v. Wells Fargo Ins. Servs. USA, Inc.*, No. 3:11-cv-181, 2011 WL 6339680, at *1 (S.D. Ohio Nov. 28, 2011), *report and recommendation adopted sub nom., Shooter Constr. Co., Inc. v. Accordia of Ohio, LLC*, No. 3:11-cv-181, 2011 WL 6370061, at *1 (S.D. Ohio Dec. 19, 2011). However, because Kim was not required or expected to submit a reply brief, the Court in its discretion will not include expenses Kim incurred in preparing his Reply in its calculation of appropriate attorney fees.

Turning to the amount of attorney fees, the Court begins with the lodestar calculation, as described above. Here, Kim's Affidavit represents that three attorneys billed a total of 32.5 hours in connection with the remand. (Doc. 16, #108). Specifically, Manuel Cardona worked and billed 29.3 hours at a rate of $300 per hour, Brooks T. Westergard worked and billed 1.8 hours at a rate of $330 per hour, and Adam T. Walton worked and billed 1.4 hours at a rate of $375 per hour. (*Id.*). Thus, the total amount of attorneys fees requested, excluding fees in connection with Kim's Reply as discussed above, is $9,909.

Lee does not dispute that the hourly rates for the three attorneys are reasonable. Rather, Lee contends that certain hours are "excessive, redundant, or otherwise unnecessary." (Resp. in Opp'n to Aff. in Supp. of Att'y Fees ("Opp'n"), Doc. 17, #205 (citing *Shooter Constr. Co.*, 2011 WL 6339680, at *3)). The Court agrees, at least in part. In particular, Kim has not shown that his expenses related to preparing to respond to Lee's then-pending Motion to Dismiss were expenses "incurred as a result of the removal." (*See* Aff. in Supp. of Att'y Fees ("Aff."), Doc. 16, #111–13; *see also* 28 U.S.C. § 1447(c). Kim does not substantiate how these expenses are attributable to Lee's improper removal, given that the merits of Kim's defamation claim would have been at issue even had the action never been removed to federal court. *See Riverview Health Inst., LLC v. N. Am. Laserscopic Spine Inst.*, No. 3:12cv00428, 2014 WL 2561556, at *3 (S.D. Ohio June 6, 2014), *report and recommendation adopted,* No. 3:12cv00428, 2014 WL 3695463, at *1 (S.D. Ohio July 24, 2014) (expenses "caused by" removal include expenses of remand motion itself and

"necessary expenses of being in the second judicial system"). Accordingly, the Court will subtract from Kim's calculations items that include work on responding to Lee's Motion to Dismiss.[1]

On the other hand, the Court agrees with Kim that expenses incurred in connection with the Joint Motion to Stay (Doc. 5) in this case were "incurred as a result of the removal"—that is, that Lee's improper removal caused those expenses. *See Riverview Health Inst.*, 2014 WL 2561556, at *3 (fees attributable to scheduling matters in federal court incurred as a result of removal). The Motion to Stay was a means to avoid unnecessary briefing on Lee's Motion to Dismiss in the event the Court instead granted Kim's Motion to Remand, which proved to be the case. (*See* Doc. 5, #60). Such a motion would never have been necessary had Lee not improperly removed this case to federal court to begin with. By the same token, Kim's expenses incurred as a result of Lee's motions for admission *pro hac vice* in this Court are fair game, because those procedural motions resulted from Lee's improper removal and were in addition to any analogous motion practice that might have occurred in state court. *See Riverview Health Inst.*, 2014 WL 2561556, at *3 ("expenses of obtaining

---

[1] The Court notes that certain items in Kim's Affidavit include hours worked in connection with both Kim's Motion to Remand and Lee's Motion to Dismiss, without differentiating how many hours were attributable to which motion. (*See, e.g.*, Aff., Doc. 16, #111) ("Reviewed notice of removal and motion to dismiss in OH matter; conducted preliminary research regarding proper removal and merits of motion to dismiss…."). Other items fail to specify any connection to Lee's improper removal. (*See, e.g., id.* at #113) ("Telephone conversation w/ attorneys elwood, walton, westergard [sic] re: case strategy"). Because Kim has the burden to establish his reasonable attorney fees incurred as a result of the removal, the Court declines to speculate about how much of the work time accounted for in such entries might be attributable to Lee's improper removal, and instead disregards in their entirety entries that include work on items unrelated to the removal. *See Shooter Constr. Co.*, 2011 WL 6339680, at *3 ("The party seeking attorney's fees bears the burden of proof on the number of hours reasonably expended and the reasonableness of the rates claimed.").

counsel and having them enter appearances" may be among expenses incurred as a result of removal).

Applying these principles, the Court subtracts entries totaling $1,066.50 from Kim's proposed attorney fees enumerated in his Affidavit. That leaves a lodestar amount of $8,842.50.

Next, the Court in its discretion adjusts this initial lodestar calculation in accordance with any applicable factors listed above. In particular, Lee argues that the second, third, and twelfth factors support a lower amount because the remand did not involve a complex issue and courts have awarded much lower fees in similar cases. (*See* Opp'n, Doc. 17, #204–05). The Court agrees. As the Court noted in its previous Opinion, Kim's Motion to Remand involved a straightforward application of the forum-defendant rule. (*See* Doc. 14, #103); *see also Choate v. Underwood*, No. 5:12-CV-58, 2012 WL 2920010, at *2 (W.D. Ky. July 17, 2012) (application of forum-defendant rule "straightforward and beyond controversy"); *Falcon Drilling LLC v. Omni Energy Grp. LLC*, Civil Action 2:21-cv-4316, 2021 WL 5339516, at *3 (S.D. Ohio Oct. 28, 2021) ("This case requires a straightforward application of the forum-defendant rule."). Thus, the second and third factors weigh in favor of reducing the lodestar amount. *See Hensley*, 461 U.S. at 429–30 n.3.

Moreover, Lee cites numerous district court cases from this circuit where a reasonable award of attorneys fees in connection with a motion to remand was between $1,000 and $4,000. (*See* Opp'n, Doc. 17, #204–05 (citing *LeFevers v. Wayne Disposal, Inc.*, No. 07-14922, 2008 WL 5188808, at *2 (E.D. Mich. Dec. 10, 2008)

($2,250); *Dun-Rite Constr., Inc. v. Amazing Tickets, Inc.*, No. 1:03 CV 2310, 2004 WL 440387, at *2 (N.D. Ohio Jan. 16, 2004) ($1,800); *Shophar v. Kan. Dep't of Children and Families*, Case No. 18-cv-11567, 2018 WL 10035813, at *1 (E.D. Mich. Aug. 21, 2018) ($2,200); *Hawkins v. O'Brien*, Case No. C-3-07-278, 2007 WL 9734704, at *3 (S.D. Ohio Sept. 10, 2007) ($1,112.50); *Brandenberg v. Watson*, No. 3:10-CV-346, 2011 WL 609796, at *5 (S.D. Ohio Feb. 10, 2011) ($3,528))); *see also Shooter Constr. Co.*, 2011 WL 6339680, at *4 ($4,619.70). On the other hand, Kim identifies no cases where reasonable attorney fees in connection with remand were as high as either the $9,909 he seeks in his Affidavit or the $8,842.50 that the Court has accepted as the lodestar amount. That omission is especially noteworthy given the absence of any complex jurisdictional issue in this case as discussed above. *Cf. Brandenberg*, 2011 WL 609796, at *2 (more complex ERISA removal situation). Thus, the twelfth factor weighs in favor of a lower fee than the lodestar amount.

Weighing these factors to adjust the lodestar amount determined above, the Court concludes that attorney fees of $5,000 are appropriate in this case. That is because, in the Court's view, the amount of $5,000 strikes the right balance between Kim's largely uncontested lodestar calculation and the factors that Lee correctly argues militate in favor of a lower fee. If fees in similar cases were dispositive, as opposed to only one factor among others, the award might well be lower still. But because case law instructs the Court to begin with the lodestar amount and then adjust it based on the relevant factors, the Court in its discretion determines that $5,000 represents the appropriate amount of attorney fees in this case.

**CONCLUSION**

For the above reasons, the Court **AWARDS** Kim $5,000 in attorney fees. The

Court also **DENIES** Lee's Motion to Strike (Doc. 19).

        **SO ORDERED.**

May 11, 2022
_____

**DATE**                            **DOUGLAS R. COLE**
                                      **UNITED STATES DISTRICT JUDGE**